# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **SAMUEL CANTU AND** | § | |
| **GABRIELLE MATA** | § | |
|       **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. _____** |
| **STATE FARM LLOYDS** | § | |
|       **Defendant.** | § | |

## INDEX OF MATTERS BEING FILED
## AND LIST OF ALL COUNSEL OF RECORD

Defendant State Farm Lloyds ("Defendant") submits this Index of Matters Being Filed and List of All Counsel of Record pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas. Pursuant to the Local Rule 81, the following items are being filed with the filed by Defendant:

1.    Index of Matters Being Filed and List of All Counsel of Record;

2.    Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

    A.    Plaintiffs' Original Petition, filed October 1, 2019 (attached as Exhibit 1-A);

    B.    Service to Defendant on November 4, 2019 (attached as Exhibit 1-B);

    C.    Defendant's Verified Answer to Plaintiffs' Original Petition and Verified Plea in Abatement, filed on November 22, 2019 (attached as Exhibit 1-C);

3.    A copy of the state court docket sheet (attached as Exhibit 1-D).

The parties' respective attorneys are as follows:

A.    ATTORNEYS FOR PLAINTIFFS:

Matthew W. Zarghouni
ZAR LAW FIRM
3900 Essex Lane, Suite 1011
Houston, Texas 77027
T: 346-980-6600
F: 281-888-3150
Matt@zar-law.com

B.    ATTORNEYS FOR DEFENDANT:

Sarah A. Nicolas
Fed. ID No. 32122/State Bar No. 24013543
**RAMÓN | WORTHINGTON, PLLC**
11940 Jollyville Rd., Suite 125-S
Austin, Texas 78759
(512) 643-6005 - Phone
snicolas@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
**RAMÓN | WORTHINGTON, PLLC**
11940 Jollyville Rd., Suite 125-S
Austin, Texas 78759
(512) 643-6005 - Phone
efile@ramonwothington.com

Dated: November 26, 2019.

# EXHIBIT 1-A

Filed
10/1/2019 2:59 PM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2019CVI001960D2

CAUSE NO. _____

| | | |
|---|---|---|
| **SAMUEL CANTU AND GABRIELLE MATA** | § § § | **IN THE DISTRICT COURT** |
| *PLAINTIFFS,* | § § | |
| **VS.** | § § § § | **WEBB COUNTY, TEXAS** |
| **STATE FARM LLOYDS** | § § § | |
| *DEFENDANT.* | § § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION, AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Samuel Cantu and Gabrielle Mata ("Plaintiffs"), and file this **Plaintiffs' Original Petition** complaining of State Farm Lloyds ("Defendant"), and for cause of action, Plaintiffs would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2.      Plaintiffs, Samuel Cantu and Gabrielle Mata, reside in Webb County, Texas.

3.      Defendant, State Farm Lloyds, is an insurance company doing business in Texas and may be served through its officers or its attorney for service, Corporation Service Company located at 211 E 7th St Ste 620, Austin TX, 78701. Plaintiffs request service at this time.

### C. JURISDICTION

4.      The Court has jurisdiction over State Farm Lloyds because State Farm Lloyds engages in the business of insurance in the State of Texas, and the causes of action arise out of its business

1

activities in the State of Texas, including those in Webb County, Texas, with reference to this specific case.

## D.  VENUE

5.      Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E.  CONDITIONS PRECEDENT AND NOTICE

6.      All conditions precedent to recovery have been performed, waived, or have occurred.

7.      Defendant has received a pre-suit notice complying with the Texas Insurance Code § Section 542A.003.

## F.  AGENCY AND *RESPONDEAT SUPERIOR*

8.      Whenever in this petition it is alleged that State Farm Lloyds did any act or omission, it is meant that State Farm Lloyds itself or its agents, including but not limited to, Christopher Daniel Mitchell, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of State Farm Lloyds or done in the normal routine, course, and scope of the agency or employment of State Farm Lloyds or its agents, officers, servants, employees, or representatives.

## G.  FACTS

9.      Plaintiffs are named insureds under a property insurance policy—policy number 83CRC8634 (the "Policy")—issued by State Farm Lloyds. The Policy insures, among other things, against losses from storm damage to Plaintiffs' property, namely, the real property and improvements located at 2920 Palo Blanco St., Laredo, TX 78046 (the "Property").

10.     On or about 05/21/2017, during the policy period, a wind and hailstorm caused damage to the Property during the policy period. The storm caused extensive damage to the Property, including

2

but not limited to, damage to the roof and interior of their home.

11.     Plaintiffs reported the damage to the Property to State Farm Lloyds by submitting a claim, claim number 53-0212-R62 (the "Claim"). Plaintiffs reported damaged tile shingles, displaced tile shingles, and interior leaks.

12.     Plaintiffs asked that State Farm Lloyds honor its contractual obligations to cover the cost of repairs to the Property.

13.     State Farm Lloyds assigned Paul Weaver to adjust the claim. Paul Weaver concluded that the property sustained $1,308.76 from the May 21, 2017 storm. The estimate was largely written for minor interior repairs, for detaching and resetting four shingle tiles, and for removing and replacing four shingle tiles. *See* Ex. A – Claim Resolution Letter.

14.     The disparity between the extent of the property damage and Paul Weaver's estimate prompted Plaintiffs to obtain a third-party estimate. An estimate by MLR Inspections & Estimating was obtained, and it reflected that the Property sustained $82,099.66 in storm-related damage from the May 21, 2017 storm.

15.     On July 23, 2018, in a letter to State Farm Lloyds, Plaintiffs invoked the appraisal provision of their homeowner's insurance policy and appointed Michael Ogden of All Disaster Claims, Inc. as their appraiser. *See* Ex. B – Demand for Appraisal.

16.     On August 10, 2018, State Farm Lloyds, without disputing the cause of loss for which the appraisal was requested and the estimate of MLR Inspections & Estimating was presented, agreed to participate in the appraisal process and appointed Bryan Scanlan of ICC Group, LLC as its appraiser. *See* Ex. C – State Farms Lloyd's Consent to Participate in Appraisal.

17.     On September 25, 2018, the appraisers declared Paul Poncio of Accurate AS as the umpire for the appraisal. *See* Ex. D -- Declaration of Appraisers.

3

18.     On October 10, 2018, the appraisers completed the inspection of the Property. Unable to reach an agreement on the amount of loss, the appraisers asked the umpire to determine the amount of loss. Paul Poncio accepted his appointment on February 5, 2019. *See* Ex. E – Umpire's Acceptance of Appointment.

19.     On February 7, 2019, Paul Poncio inspected the property and concluded that the property sustained $41,128.76 in damage.

20.     Subsequently, on June 19, 2019, after considering material facts and available information, the appraisal panel issued an appraisal award, signed by the umpire, Paul Poncio, and Plaintiffs' appraiser, Michael Ogden, for a replacement cost of $41,128.76 and actual cash value of $39,476.17. *See* Ex. F – Appraisal of Insurance Claim – Award Form.

21.     The award included, among other things, allowance for repairing the interior leaks, replacing 200 square feet of tile shingles, replacing 288 square feet of sheathing, detaching the roof's displaced tiles, and replacing the roof tiles following the replacement of the entire roofing felt. The umpire award also allowed $3,033.59 for repairs to a gazebo roof. *See* Ex. G – Umpire's Estimate.

22.     Thereafter, Christopher Daniel Mitchell, the Claim Specialist assigned to claim no. 53-0212-R62, denied payment of the appraisal award in a letter dated July 31, 2019 without offering any legitimate basis as to why the award is not valid and binding. Instead, Christopher Daniel. Mitchell offered the same excuses State Farm Lloyds originally offered when underpaying the claim on June 5, 2017. Despite the binding decision of the panel, Christopher Daniel Mitchell cited to and relied upon the alleged findings of Bryan Scanlan, a non-signatory to the appraisal award, as a basis to refuse to pay the appraisal award.

23.     More specifically, Christopher Daniel Mitchell denied payment of the appraisal award because the umpire disagreed with State Farm Lloyds' initial findings and Bryan Scanlan, State Farm

4

Lloyds' appraiser. Astonishingly, despite the valid, binding appraisal award, Christopher Daniel Mitchell claimed the estimate written by State Farm Lloyd's appraiser closely follows the scope of covered damage and used it to set the value of the loss at $2,000.64. *See* Ex. H – Christopher Daniel Mitchell's Letter.

24.     Defendant, State Farm Lloyds, has denied and delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for Plaintiffs' claim as set out by the Appraisal Award.

25.     Since the time the Appraisal Award has been issued, the liability of State Farm Lloyds to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, State Farm Lloyds has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.

26.     Defendant, State Farm Lloyds, through its employee Christopher Daniel Mitchell knowingly or recklessly made false representations, as described above, as to material facts.

27.     Plaintiffs have suffered damages because of Defendant's actions described above. The mishandling of Plaintiffs' Appraisal Award also caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

28.     On August 1, 2019, Plaintiffs sent a notice to Defendant State Farm Lloyds and Christopher Daniel Mitchell pursuant to the § 542A.003 of the Texas Insurance Code. *See* Ex. I - 542A.003 Notice.

29.     The notice outlined Plaintiffs' claim and demanded $5,000 in attorney's fees and the outstanding amount of $46,186.76 which consists of the following:

| | |
|---|---|
| Total Appraisal Award | $41,128.76 |
| Deductible | ($2,942.00) |
| Interest accrued | $8,000.00 |
| Prior payment | $0.00 |

5

Amount owed                                   $46,186.76

## H.  CAUSES OF ACTION

30.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Breach of Contract

31.     Defendant State Farm Lloyds had a contract of insurance with Plaintiffs. Defendant State Farm Lloyds breached the terms of that contract by wrongfully denying the payment of the valid and binding appraisal award, in the amount of $41,128.76 subject to the policy deductible, and Plaintiffs were damaged thereby.

### II.    Prompt Payment of Claims Statute

32.     The failure of State Farm Lloyds to pay for Plaintiffs' losses and/or to follow the statutory time guidelines for denying payment on the Claim constitutes a violation of § 542.051 et seq. of the Texas Insurance Code.

33.     Plaintiffs, therefore, in addition to their claims for damages, are entitled to interest and attorney's fees as set forth in § 542.060 of the Texas Insurance Code.

### III.   Attorney's Fees

34.     Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

35.     Plaintiffs are entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant State Farm Lloyds, and Defendant State Farm Lloyds did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

36.     Plaintiffs further pray that they be awarded all reasonable attorney's fees incurred in prosecuting their causes of action through trial and any appeal pursuant to the Texas Insurance Code

§ 542.060.

## I.  STATEMENT OF RELIEF

37.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs are seeking only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seek prejudgment and post- judgment interest at the highest legal rate.

## J. RESERVATION OF RIGHTS

38.    Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition to add additional counts upon further discovery and as their investigation continues.

## K. JURY DEMAND

39.    Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## L.  REQUESTS FOR DISCLOSURES

40.    Pursuant to Rule 194, Defendant is requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## M. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Samuel Cantu and Gabrielle Mata, pray that upon final hearing of the case, they recover all damages from and against Defendant, State

7

Farm Lloyds, that may reasonably be established by a preponderance of the evidence, and that

Plaintiffs be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest,

post-judgment interest, and such other and further relief, general or special, at law or in equity, to

which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
3900 Essex Lane, Ste 1011
Houston, Texas 77027
Office: (346) 980-6600
Fax: (281) 888-3150
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFFS**

8

# Exhibit A

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*


June 05, 2017

Samuel Cantu
Gabrielle Mata
2920 Palo Blanco St
Laredo TX 78046-7205

State Farm Claims
PO Box 106169
Atlanta GA 30346-6169

RE:    Claim Number:       53-0212-R62
       Policy Number:      83CRC8634
       Date of Loss:       May 21, 2017

Dear Samuel Cantu Jr & Gabrielle Mata:

Thank you for the opportunity to inspect your loss at the above address on 5/30/2017 and 6/5/2017.

State Farm® agrees there is covered damage caused by wind to the areas which we have itemized in our estimate. Please note the claim adjustment for these covered damages reflects the applicable policy deductible.

Our adjustment reflects these covered damages as indicated below.

**Building:**

| | |
|---|---|
| State Farm Estimate | $1,308.76 |
| Less Depreciation | $    0.00 |
| Less Deductible: | $2,942.00 |
| **Total Payable** | $    0.00 |

Since the loss is less than your $2,942.00 deductible, no payment can be made at this time. If you receive estimates related to this loss that exceed your deductible, please promptly forward these for our review prior to repairing or replacing the property.

Furthermore, we observed additional damage not caused by wind. State Farm denies coverage for damage to shingles and other exterior roofing components, except those covered damages identified in our estimate, because such other damage is excluded by the following policy provisions. We call your attention to the applicable portion of your policy:

### SECTION I - LOSSES NOT INSURED

53-0212-R62
Page 2
June 05, 2017

1.   We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown.

i.   wet or dry rot.

State Farm also observed that there are a number of roof tiles that do not have any damage. The policy insures for accidental direct physical loss. Please refer to the following applicable part of your policy:

## SECTION I - LOSSES INSURED

### COVERAGE A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED.**

There is no coverage for the replacement of the undamaged shingles since there is no accidental direct physical loss.

Because we value you as a policyholder and appreciate your business, we want to ensure you understand the coverage decision.

If you have any questions or need further assistance, please contact our Weather and Catastrophe Claims Services office at 844-529-5982. Claim specialists are available to assist you Monday through Saturday, 7:00 am to 7:00 pm.

Sincerely,


Paul Weaver
Claim Specialist
(866) 787-8676 Ext. 10202
Fax:    (844) 236-3646

State Farm Lloyds

Enclosure(s):
          Estimate
          Summary of Loss

SOL - Data Entry / Edit



# *Summary of Loss*

**Named Insured:** Samuel Cantu Jr

**Claim Number:** 53-0212-R62

**Coverage A - Dwelling**  Limit of Liability: $ 150,189.00

**Coverage A - Dwelling Extension**  Limit of Liability: $ 15,019.00

| Description | | Amount |
|---|---|---|
| State Farm Dwelling Estimate (Wind) dated 6/5/2017 | $ | 312.48 |
| State Farm Dwelling Estimate (Water) dated 6/5/2017 | $ | 996.28 |

Total Coverage A: $ 1,308.76

**Coverage B - Personal Property**  Limit of Liability: $ _____

Total Coverage B: $ 0.00

**Coverage C - Loss of Use**  Limit of Liability: $ _____

Total Coverage C: $ 0.00

**Other Coverages (if applicable)**

Total Other Coverages (if applicable): $ 0.00

**Payments Made**

Comments / Supplements

| | |
|---|---|
| Coverage A+B+C Total: $ | 1,308.76 |
| Other Coverages (if applicable): $ | 0.00 |
| Total All Coverages: $ | 1,308.76 |
| Subtotal: $ | 1,308.76 |
| Less Deductible: $ | 2,942.00 |
| Total Payable: $ | 0.00 |
| Less Total Payments Made: $ | 0.00 |
| Net Payment: $ | 0.00 |

Paul Weaver

**Signature**

6/5/2017

**Date**

*\* Your policy may provide for additional payments on a replacement cost basis for the Recoverable Depreciation
listed above for Cov.A and Cov. B. for your Building and Personal Property.
Please refer to your policy for specific time limits and additional settlement provisions.
Please contact your claim representative if you have any questions.*

CANTU, SAMUEL

53-021



**State Farm**
**P.O. Box 106169**
**Atlanta, GA  30348-6169**
**Fax: 1-844-236-3646**
**statefarmfireclaims@statefarm.com**

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

Date:    6/5/2017 3:47 PM

# Building Estimate Summary Guide

**&State Farm®**

### This summary guide is based on a sample estimate and is provided for reference only.
### Please refer to the estimate for specifics of your claim.

## State Farm Insurance

| | | | |
|---|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: | 00-0000-000 |
| Property: | 1 Main Street | Claim number: | 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: | 00-00-0000-0 |
| Type of Loss: | Other | Price List: | ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | | Restoration/Service/ Remodel |
| | | | F = Factored In, |
| | | | D = Do Not Apply |

## Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 | |
| Less Non - recoverable Depreciation (Including Taxes) [7] | | |
| Subtotal | 312.50 | |
| General Contractor O&P on Depreciation | 166.50 | |
| Less General Contractor O&P on Non - recoverable Depreciation | | |
| Subtotal | | |
| Total Maximum Additional Amounts Available If Incurred [8] | | |
| Total Amount of Claim If Incurred [9] | | |

Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

1. **Line Item Total** – Total value of all items in the estimate plus possible adjustments for *labor minimums. L Minimum* is to cover a certain minimum number of hours for drive-time, set time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit** – General contractor's charge coordinating your repairs.

3. **Replacement Cost Value (RCV)** – Estimated cost to repair or replace damaged property.

4. **Depreciation** – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** – The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** – The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible*.

7. **Non Recoverable Depreciation** – *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred** – Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred** – Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

1002989
Date: 6/5/2017

## State Farm

CANTU, SAMUEL                                                                          53-0212-R

|            |                     |                |                          |
|------------|---------------------|----------------|--------------------------|
| Insured:   | CANTU, SAMUEL       | Estimate:      | 53-0212-R62              |
| Property:  | 2920 Palo Blanco St | Claim Number:  | 530212R62                |
|            | Laredo, TX 78046-7205 | Policy Number: | 83-CR-C863-4           |
| Home:      | 956-693-3141        | Price List:    | TXMC28_MAY17             |
| Business:  | 956-693-9059        |                | Restoration/Service/Remodel |
| Cellular:  | 956-693-9059        |                |                          |
| Type of Loss: | Wind Damage      |                |                          |
| Deductible: | $1,929.23          |                |                          |
| Date of Loss: | 5/21/2017        |                |                          |
| Date Inspected: | 5/30/2017      |                |                          |

### Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 312.48 |
| | |
| Replacement Cost Value | 312.48 |
| Less Deductible | (1,929.23) |
| | |
| Replacement Cost Value Total | (1,616.75) |
| Net Payment | $0.00 |

Weaver, Paul J.
866-787-8676 x 10202

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

# State Farm

CANTU, SAMUEL

53-0212-R62

| | | | |
|---|---|---|---|
| Insured: | CANTU, SAMUEL | Estimate: | 53-0212-R62 |
| Property: | 2920 Palo Blanco St | Claim Number: | 530212R62 |
| | Laredo, TX 78046-7205 | Policy Number: | 83-CR-C863-4 |
| Home: | 956-693-3141 | Price List: | TXMC28_MAY17 |
| Business: | 956-693-9059 | | Restoration/Service/Remodel |
| Cellular: | 956-693-9059 | | |
| Type of Loss: | Wind Damage | | |
| Deductible: | $1,012.77 | | |
| Date of Loss: | 5/21/2017 | | |
| Date Inspected: | 5/30/2017 | | |

## Summary for Coverage A - Dwelling - 37 Water Damage and Freezing

| | |
|---|---|
| Line Item Total | 991.93 |
| Material Sales Tax | 3.58 |
| Cleaning Mtl Tax | 0.77 |
| Subtotal | 996.28 |
| Cleaning Sales Tax | 16.49 |
| Replacement Cost Value | 1,012.77 |
| Less Deductible | (1,012.77) |
| Net Payment | $0.00 |

Weaver, Paul J.
866-787-8676 x 10202

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

Date:   6/5/2017 3:47 PM

**State Farm**

53-0212-R62

CANTU, SAMUEL

Source - Eagle View

Source - Eagle View

## Front Entry Hip Right & Left Slopes

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 1. Install Tile roofing - Concrete - 'S' or flat (per TILE) | 2.00 EA | 13.02 | 0.00 | 26.04 |
| 2. Roof Concrete Tile Mortar Mix | 1.00 EA | 10.00 E | 0.00 | 10.00 |
| 3. Roofer - per hour | 1.00 HR | 73.12 | 0.00 | 73.12 |

Labor to repair roof tile mortar where wind damage occurred.

| | | | | |
|---|---|---|---|---|
| **Totals: Front Entry Hip Right & Left Slopes** | | | **0.00** | **109.16** |

## Right Slope

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 4. Install Tile roofing - Concrete - 'S' or flat (per TILE) | 2.00 EA | 13.02 | 0.00 | 26.04 |
| 5. Roof Concrete Tile Mortar Mix | 1.00 EA | 10.00 E | 0.00 | 10.00 |
| 6. Roofer - per hour | 1.00 HR | 73.12 | 0.00 | 73.12 |

Labor to repair roof tile mortar where wind damage occurred.

| | | | | |
|---|---|---|---|---|
| **Totals: Right Slope** | | | **0.00** | **109.16** |

Area Totals: Source - Eagle View

| | | |
|---|---|---|
| 1,539.76 Exterior Wall Area | | |
| 4,589.69 Surface Area | 45.90 Number of Squares | 869.86 Total Perimeter Length |
| 68.37 Total Ridge Length | 388.41 Total Hip Length | |

| | | | | |
|---|---|---|---|---|
| **Total: Source - Eagle View** | | | **0.00** | **218.32** |

Date:   6/5/2017 3:47 PM

# State Farm

CANTU, SAMUEL                                                                              53-0212-R62

**Attic**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 7.  Seal attic framing for odor control - 6 to 8/12 | 33.00 SF | 0.93 | 0.52 | 31.21 |

Sealer for stains in attic.  There 5 stains on framing.  There was a previous fire so using this code since it was present.

| | | | | |
|---|---|---|---|---|
| Totals: Attic | | | 0.52 | 31.21 |

### 1st Floor



| Office | | Height: 9' |
|---|---|---|
| 394.73 SF Walls | 160.56 SF Ceiling | |
| 555.29 SF Walls & Ceiling | 160.56 SF Floor | |
| 47.17 LF Ceil. Perimeter | 43.09 LF Floor Perimeter | |

| Missing Wall - Goes to Floor | 4' 1" X 7' 9" | Opens into Exterior |
|---|---|---|

| Subroom: Offset (1) | | Height: 11' |
|---|---|---|
| 50.17 SF Walls | 26.32 SF Ceiling | |
| 76.49 SF Walls & Ceiling | 26.32 SF Floor | |
| 6.45 LF Ceil. Perimeter | 6.45 LF Floor Perimeter | |

| Missing Wall | 6' 5 3/8" X 11' | Opens into OFFICE |
|---|---|---|
| Missing Wall | 4' 1" X 11' | Opens into OFFICE |
| Window | 5' 11 1/16" X 3' 11/16" | Opens into Exterior |
| Window | 2' 11 1/16" X 6' | Opens into Exterior |
| Window | 3' 3/16" X 6' 5/16" | Opens into Exterior |
| Missing Wall | 4' 1" X 11' | Opens into OFFICE |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 8.  Content Manipulation charge - per hour | 2.00 HR | 26.13 | 0.00 | 52.26 |
| 9.  Detach & Reset Baseboard - 4 1/4" | 24.08 LF | 1.68 | 0.04 | 40.49 |
| 10.  Paint baseboard, oversized - one coat | 24.08 LF | 0.74 | 0.20 | 18.02 |

Date:   6/5/2017 3:47 PM                                                                    Page: 6

# State Farm

53-0212-R62

:U, SAMUEL

## CONTINUED - Office

| :SCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| . R&R 1/2" drywall - hung, taped, floated, :dy for paint | 36.00 SF | 1.81 | 1.19 | 66.35 |
| :. R&R Batt insulation - 4" - R13 - unfaced :tt | 18.00 SF | 0.71 | 0.55 | 13.33 |
| 3. Texture drywall - machine | 54.00 SF | 0.32 | 0.13 | 17.41 |
| 4. Seal the surface area w/PVA primer - one :oat | 72.00 SF | 0.42 | 0.30 | 30.54 |
| .5. Paint the surface area - one coat | 72.00 SF | 0.49 | 0.65 | 35.93 |
| 16. Clean floor - tile | 186.89 SF | 0.43 | 7.46 | 87.82 |

| Totals: Office | | | 10.52 | 362.15 |

Area Totals: 1st Floor

| 444.90 SF Walls | 186.89 SF Ceiling | 631.79 SF Walls and Ceiling |
|---|---|---|
| 186.89 SF Floor | 205.19 Total Area | 49.54 LF Floor Perimeter |
| 186.89 Floor Area | 56.17 Exterior Perimeter of Walls | 53.62 LF Ceil. Perimeter |
| 494.82 Exterior Wall Area | | 444.90 Interior Wall Area |

| Total: 1st Floor | | | 10.52 | 362.15 |

Area Totals: Source - Eagle View

| 444.90 SF Walls | 186.89 SF Ceiling | 631.79 SF Walls and Ceiling |
|---|---|---|
| 186.89 SF Floor | 205.19 Total Area | 49.54 LF Floor Perimeter |
| 186.89 Floor Area | 56.17 Exterior Perimeter of Walls | 53.62 LF Ceil. Perimeter |
| 2,034.58 Exterior Wall Area | | 444.90 Interior Wall Area |
| 4,589.69 Surface Area | 45.90 Number of Squares | 869.86 Total Perimeter Length |
| 68.37 Total Ridge Length | 388.41 Total Hip Length | |

| Total: Source - Eagle View | | | 11.04 | 611.68 |

**Temporary Repairs**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|

## State Farm

CANTU, SAMUEL

53-0212-R62

### CONTINUED - Temporary Repairs

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 17.  Cleaning Technician - per hour | 3.00 HR | 29.28 | 7.25 | 95.09 |
| **Insured's labor mitigating damages in Office.** | | | | |
| **Totals:  Temporary Repairs** | | | 7.25 | 95.09 |

**Debris Removal**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 18.  Haul debris - per pickup truck load - including dump fees | 0.50 EA | 99.44 | 0.00 | 49.72 |
| **Totals:  Debris Removal** | | | 0.00 | 49.72 |

**Labor Minimums Applied**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| * 19.  Painting labor minimum | 1.00 EA | 62.66 | 0.00 | 62.66 |
| * 20.  Drywall labor minimum | 1.00 EA | 200.07 | 0.00 | 200.07 |
| * 21.  Roofing labor minimum | 1.00 EA | 94.16 | 0.00 | 94.16 |
| * 22.  Finish carpentry labor minimum | 1.00 EA | 85.52 | 0.00 | 85.52 |
| * 23.  Insulation labor minimum | 1.00 EA | 92.84 | 0.00 | 92.84 |
| * 24.  Floor cleaning labor minimum | 1.00 EA | 30.96 | 2.55 | 33.51 |
| **Totals:  Labor Minimums Applied** | | | 2.55 | 568.76 |
| **Line Item Totals:  53-0212-R62** | | | 20.84 | 1,325.25 |

Date:     6/5/2017 3:47 PM

## State Farm

CANTU, SAMUEL                                                                    53-0212-R6

| COVERAGE | TAX | RCV |
|----------|-----|-----|
| Coverage A - Dwelling - 35 Windstorm and Hail | 0.00 | 312.48 |
| Coverage A - Dwelling - 37 Water Damage and Freezing | 20.84 | 1,012.77 |
| Total | 20.84 | 1,325.25 |

## Grand Total Areas:

| | | |
|---|---|---|
| 444.90  SF Walls | 186.89  SF Ceiling | 631.79  SF Walls and Ceiling |
| 186.89  SF Floor | | 49.54  LF Floor Perimeter |
| | | 53.62  LF Ceil. Perimeter |
| 186.89  Floor Area | 205.19  Total Area | 444.90  Interior Wall Area |
| 2,034.58  Exterior Wall Area | 56.17  Exterior Perimeter of Walls | |
| 4,589.69  Surface Area | 45.90  Number of Squares | 869.86  Total Perimeter Length |
| 68.37  Total Ridge Length | 388.41  Total Hip Length | |

Source - Eagle View - Source - Eagle View





House Roof

N
⇧

Source - Eagle View

Page: 13

2920 Palo Blanco St, Laredo, TX 780467205

May 23, 2017

**Length Diagram**

Total Line Lengths:
**Ridges = 69 ft**
Hips = 389 ft

Valleys = 156 ft
Rakes = 8 ft
Eaves = 407 ft

Flashing = 17 ft
**Step flashing = 46 ft**
**Parapets = 0 ft**



Time & Material — Mortar Repairs

Material based on exam $8-12

Labor 2 hours



Right Slope

2 Reset

& Add Mortar

Front Entry Hip

2 Reset

& Add Mortar

2 Reset

1 Reset

Reset

# Rest are footfall, shipping damage, install
Damage manufacture defect with mending process

**Note:** This diagram contains segment lengths (rounded to the nearest whole number) over 5 feet. In some cases, segment labels have been removed for readability. Plus signs preface some numbers to avoid confusion when rotated (e.g. +6 and +9). Refer to the Detailed Length Diagram, in the Appendix at the end of this report, for more details


Report: 18393532
Claim: 530212R62

© 2008-2017 Eagle View Technologies, Inc. and Pictometry International Corp. - All Rights Reserved - Covered by one or more of U.S. Patent Nos. 8,078,436; 8,145,578; 8,170,840; 8,209,152; 8,515,125; 8,825,454; 9,135,737; 8,670,961; 9,514,568; 8,818,770; 8,542,880; 9,244,589; 9,329,749; 9,599,466. Other Patents Pending.

State Farm Insurance

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **CLN     CLEANING** | | | | | |
| Clean floor - tile | 186.89 SF | $87.82 | $87.82 | $0.00 | $0.00 |
| Floor cleaning labor minimum | 1.00 EA | $33.51 | $33.51 | $0.00 | $0.00 |
| Cleaning Technician - per hour | 3.00 HR | $95.09 | $95.09 | $0.00 | $0.00 |
| **TOTAL CLEANING** | | **$216.42** | **$216.42** | **$0.00** | **$0.00** |
| **CON     CONTENT MANIPULATION** | | | | | |
| Content Manipulation charge - per hour | 2.00 HR | $52.26 | $52.26 | $0.00 | $0.00 |
| **TOTAL CONTENT MANIPULATION** | | **$52.26** | **$52.26** | **$0.00** | **$0.00** |
| **DMO     GENERAL DEMOLITION** | | | | | |
| Haul debris - per pickup truck load - including dump fees | 0.50 EA | $49.72 | $49.72 | $0.00 | $0.00 |
| **TOTAL GENERAL DEMOLITION** | | **$49.72** | **$49.72** | **$0.00** | **$0.00** |
| **DRY     DRYWALL** | | | | | |
| R&R 1/2" drywall - hung, taped, floated, ready for paint | 36.00 SF | $66.35 | $66.35 | $0.00 | $0.00 |
| Drywall labor minimum | 1.00 EA | $200.07 | $200.07 | $0.00 | $0.00 |
| Texture drywall - machine | 54.00 SF | $17.41 | $17.41 | $0.00 | $0.00 |
| **TOTAL DRYWALL** | | **$283.83** | **$283.83** | **$0.00** | **$0.00** |
| **FNC     FINISH CARPENTRY / TRIMWORK** | | | | | |
| Detach & Reset Baseboard - 4 1/4" | 24.08 LF | $40.49 | $40.49 | $0.00 | $0.00 |
| Finish carpentry labor minimum | 1.00 EA | $85.52 | $85.52 | $0.00 | $0.00 |
| **TOTAL FINISH CARPENTRY / TRIMWORK** | | **$126.01** | **$126.01** | **$0.00** | **$0.00** |
| **INS     INSULATION** | | | | | |
| R&R Batt insulation - 4" - R13 - unfaced batt | 18.00 SF | $13.33 | $13.33 | $0.00 | $0.00 |
| Insulation labor minimum | 1.00 EA | $92.84 | $92.84 | $0.00 | $0.00 |
| **TOTAL INSULATION** | | **$106.17** | **$106.17** | **$0.00** | **$0.00** |
| **PNT     PAINTING** | | | | | |
| Seal attic framing for odor control - 6 to 8/12 | 33.00 SF | $31.21 | $31.21 | $0.00 | $0.00 |
| Paint baseboard, oversized - one coat | 24.08 LF | $18.02 | $18.02 | $0.00 | $0.00 |
| Painting labor minimum | 1.00 EA | $62.66 | $62.66 | $0.00 | $0.00 |
| Paint the surface area - one coat | 72.00 SF | $35.93 | $35.93 | $0.00 | $0.00 |
| Seal the surface area w/PVA primer - one coat | 72.00 SF | $30.54 | $30.54 | $0.00 | $0.00 |

Note:  Slight variances may be found within report sections due to rounding

Date:     6/5/2017 3:47 PM

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **PNT      PAINTING** | | | | | |
| **TOTAL PAINTING** | | $178.36 | $178.36 | $0.00 | $0.00 |
| **RFG      ROOFING** | | | | | |
| Roofer - per hour | 2.00 HR | $146.24 | $146.24 | $0.00 | $0.00 |
| Roof Concrete Tile Mortar Mix | 2.00 EA | $20.00 | $20.00 | $0.00 | $0.00 |
| Roofing labor minimum | 1.00 EA | $94.16 | $94.16 | $0.00 | $0.00 |
| Install Tile roofing - Concrete - 'S' or flat (per TILE) | 4.00 EA | $52.08 | $52.08 | $0.00 | $0.00 |
| **TOTAL ROOFING** | | $312.48 | $312.48 | $0.00 | $0.00 |
| **TOTALS** | | $1,325.25 | $1,325.25 | $0.00 | $0.00 |

Note:  Slight variances may be found within report sections due to rounding

Date:     6/5/2017 3:47 PM

Source - Eagle View - 1st Floor



1st Floor

Page: 12

Exhibit B

# ZAR LAW FIRM

PROFESSIONAL LIMITED LIABILITY COMPANY

3900 ESSEX LN., SUITE 1011
HOUSTON, TEXAS 77027
WWW.ZAR-LAW.COM
P: (713) 333-5533
F: (281) 888-3150

July 23, 2018

**State Farm Lloyds**
*Via email: statefarmfireclaims@statefarm.com*

Re: Demand for Appraisal
Insured: Samuel Cantu
Claim Number: 53-0212-R62
Policy Number: 83CRC8634
Date of Loss: 5/21/2017
Location of Loss: 2920 Palo Blanco St. Laredo, Texas

Dear Claims Manager:

This correspondence is to advise you that my client(s), Samuel Cantu, is/are invoking the appraisal provision contained within the insurance policy no. 83CRC8634, with regard to claim no. 53-0212-R62 with date of loss of 5/21/2017. The appraisal provision is set forth below:

**Appraisal. If you and we fail to agree on the actual cash value, amount of loss or the cost of repair, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of judicial district where the loss occurred. The two appraisers will than set the amount of loss, stating separately the actual cash value and loss to each item. If you ow we request that they do so, the appraisers will also set:**

**a) The full replacement cost of the dwelling.**
**b) The full replacement cost of any other building upon which loss is claimed.**
**c) The full cost of repair or replacement of loss to such building, without deduction for depreciation.**

**If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of loss. Such award shall be binding on you and us. Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally. All other policy provisions apply.**

1

As you can see, both Samuel Cantu and State Farm Lloyds** must select a competent, independent appraiser within 20 days of the receipt of this written demand. The two appraisers will then choose an umpire.

In accordance with the policy provision, Samuel Cantu designate(s) the following individual as appraiser:

Michael Ogden CGC, IICRC, CDDC, CDDR, PA
All Disaster Claims, Inc.
11102 West Avenue
San Antonio, TX 78213
210-758-5757 - Office
210-300-4404 - Cell
877-643-3743 - Fax
adjuster@allsisasteraims.com

Your deadline to designate a competent independent appraiser on behalf of your client is twenty (20) days from the date of this demand for appraisal. Please call me if you have any questions or comments.

Sincerely,

Matthew Zar – Attorney

# Exhibit C



August 10, 2018

State Farm Insurance Companies
Fire Claims
PO Box 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

Mr. Mathew Zarghouni
Zar Law Firm
7322 Southwest Fwy Ste 1965
Houston, TX 77074-2137

Via email matt@zar-law.com and
**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Re: Insureds:          Samuel and Gabrielle Mata
    Claim Number:      53-0212-R62
    Policy Number:     83-CR-C863-4
    Date of Loss:      May 21, 2017
    Insured Location:  2920 Palo Blanco St.
                       Laredo, Texas 78046-7206

Dear Mr. Zarghouni :

State Farm Lloyds (State Farm) acknowledges receipt of the insureds July 23, 2018 demand for
appraisal with respect to the above-referenced claim. State Farm appoints the following appraiser
pursuant to Amendatory Appraisal Endorsement FE-5626 of the Homeowners Policy:

Bryan Scanlan
ICC Group, LLC
Phone: 512-576-4493
Email: bryan@iccgrp.com

By agreeing to participate in the appraisal process, State Farm is not waiving any of the policy
provisions, conditions, exclusions or limitations, and in fact, intends to rely on them throughout
the appraisal process. The appraisal award will be subject to the policy's provisions, conditions,
exclusions and limitations.

Sincerely,

Calvin C. Fluker III
Claim Specialist
844-529-5982 Ext 972-657-2623
Fax: 844-236-3646
State Farm Lloyds

# Exhibit D

# Declaration of Appraisers

**State of Texas}**
**County of Webb}**

Insureds: Samuel Cantu and Gabrielle Mata
Claim Number: 53-0212-R62
Policy Number: 83-CR-C863-4
Date of Loss: May 21, 2017
Insured Location: 2920 Palo Blanco St., Laredo,Texas 78046

We the undersigned do solemnly swear that we shall act with strict impartiality in making an appraisal of the amount of loss upon the property herein: before mentioned, in accordance with the foregoing appointment, and that we shall make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise and have no interest in the said property of insurance thereon.

_____   Date: 9/25/18
Appraiser for the insured Mike Ogden

_____   Date: 9/25/18
Appraiser for the insurer Bryan Scanlan

**Selection of Umpire**
We the undersigned hereby select and appoint: Paul Poncio

To act as neutral Umpire to settle the matters of difference that shall exist between both parties, if any, by reason of and compliance with the foregoing memorandum and appointment.

_____   Date: 9/25/18
Appraiser for the insured Mike Ogden

_____   Date: 9/25/18
Appraiser for the insurer Bryan Scanlan

**Qualification of Umpire**
I, the undersigned, hereby accept the appointment of neutral Umpire, as provided in the foregoing agreement, and solemnly swear that I will act with strict impartiality in all matters of difference that shall be submitted to me in connection with this appointment, and I will make a true, just and conscientious award, according to the best of my knowledge, skill and judgment, and agree to supply an estimate that coincides with the award. I am not related to any of the parties to this memorandum nor interested as a creditor or otherwise in said property of insurance.

_____   Date:_____
**Umpire Paul Poncio**

# Exhibit E

# Declaration of Appraisers

**State of Texas}**
**County of Webb}**

Insureds: Samuel Cantu and Gabrielle Mata
Claim Number: 53-0212-R62
Policy Number: 83-CR-C863-4
Date of Loss: May 21, 2017
Insured Location: 2920 Palo Blanco St., Laredo, Texas 78046

We the undersigned do solemnly swear that we shall act with strict impartiality in making an appraisal of the amount of loss upon the property herein: before mentioned, in accordance with the foregoing appointment, and that we shall make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the insured, either as creditors or otherwise and have no interest in the said property of insurance thereon.

_____   Date: 9/25/18
Appraiser for the insured Mike Ogden

_____   Date: 9/25/18
Appraiser for the insurer Bryan Scanlan

**Selection of Umpire**
We the undersigned hereby select and appoint: Paul Poncio

To act as neutral Umpire to settle the matters of difference that shall exist between both parties, if any, by reason of and compliance with the foregoing memorandum and appointment.

_____   Date: 9/25/18
Appraiser for the insured Mike Ogden

_____   Date: 9/25/18
Appraiser for the insurer Bryan Scanlan

**Qualification of Umpire**
I, the undersigned, hereby accept the appointment of neutral Umpire, as provided in the foregoing agreement, and solemnly swear that I will act with strict impartiality in all matters of difference that shall be submitted to me in connection with this appointment, and I will make a true, just and conscientious award, according to the best of my knowledge, skill and judgment, and agree to supply an estimate that coincides with the award. I am not related to any of the parties to this memorandum nor interested as a creditor or otherwise in said property of insurance.

_Paul Poncio_____   Date: February 5, 2019
**Umpire Paul Poncio**

# Exhibit F

### Appraisal of Insurance Claim – Award Form

- **Insured:** Cantu, Samuel and Mata, Gabrielle
- **Insurer:** State Farm Insurance Co.
- **Policy No:** 83-CR-C863-4
- **Claim No:** 53-0212-R62
- **Location:** 2920 Palo Blanco St, Laredo TX

## TO THE ABOVE-NAMED PARTIES AT INTEREST:

We, the undersigned appraisal panel, have investigated and considered all material facts and available information pertaining to this appraisal. We have determined an Appraisal Award as described below.

| Description: | Replacement Cost Value | Actual Cash Value |
|---|---|---|
| Dwelling & APS | $ 41,128.76 | $ 39,476.17 |
| Contents | $ 0 | $ 0 |
| ALE | $ 0 | $ 0 |
| Total Award | $ 41,128.76 | $ 39,476.17 |

The deliberations of the Appraisal Panel are confidential and exempt from depositions or suit in case the Award is challenged or a bad faith suit is filed.

This Appraisal Award is subject to all terms, conditions, provisions and/or exclusions of the above policy of Insurance.

We do hereby award the foregoing amounts as our appraisal award. The amounts are subject to deduction for any previous payments and/or deductibles.

All executed copies shall be counterpart originals.

## WE AGREE TO THE ABOVE:

Date: _____ Signature: _____
Appraiser for carrier – Bryan Scanlan

Date: 6/19/2019 Signature: _____
Appraiser for insured – Mike Ogden

Date: 6/19/19 Signature: _Paul Poncio_
Umpire: Paul Poncio

Exhibit G

 **Accurate AS**

|                |                          |
|----------------|--------------------------|
| Insured:       | Samuel & Gabrielle Cantu |
| Property:      | 2920 Palo Blanco St      |
|                | Laredo, TX 78046         |

**Claim Number:**            **Policy Number:**            **Type of Loss:** <NONE>

| Date of Loss:    |               | Date Received: |                    |
|------------------|---------------|----------------|--------------------|
| Date Inspected:  |               | Date Entered:  | 6/14/2019 8:01 AM  |

| Price List: | TXMC8X_JUN19              |
|-------------|--------------------------|
|             | Restoration/Service/Remodel |
| Estimate:   | CANTU                    |

 **Accurate AS**

CANTU

### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1. Dumpster load - Approx. 12 yards, 1-3 tons of debris | 1.00 EA | 382.43 | 0.00 | 76.48 | 458.91 | (0.00) | 458.91 |
| 2. Remove Tile roofing - Concrete - "S" or flat tile | 2.00 SQ | 127.58 | 0.00 | 51.04 | 306.20 | (0.00) | 306.20 |
| 3. Tile roofing - Concrete - "S" or flat tile | 2.00 SQ | 415.08 | 31.72 | 172.38 | 1,034.26 | (153.79) | 880.47 |
| 4. Detach & Reset Tile roofing - Concrete - "S" or flat tile | 43.90 SQ | 454.68 | 36.18 | 3,999.34 | 23,995.97 | (0.00) | 23,995.97 |
| 5. R&R Rafters - 2x6 - stick frame roof (using rafter length) | 0.00 LF | 3.54 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| 6. R&R Sheathing - OSB - 1/2" | 288.00 SF | 1.65 | 9.27 | 96.90 | 581.37 | (44.93) | 536.44 |
| 7. Sheathing - additional cost for H-clips | 288.00 SF | 0.07 | 0.48 | 4.14 | 24.78 | (2.30) | 22.48 |
| 8. Detach & Reset Ridge / Hip / Rake cap - tile roofing | 457.00 LF | 5.73 | 5.66 | 524.86 | 3,149.13 | (0.00) | 3,149.13 |
| 9. Bird stop - Eave closure strip for tile roofing - clay | 387.00 LF | 3.65 | 74.39 | 297.40 | 1,784.34 | (360.68) | 1,423.66 |
| 10. R&R Valley metal | 120.00 LF | 4.16 | 17.72 | 103.38 | 620.30 | (85.92) | 534.38 |
| 11. Digital satellite system - Detach & reset | 1.00 EA | 22.32 | 0.00 | 4.46 | 26.78 | (0.00) | 26.78 |
| 12. R&R Drip edge | 387.00 LF | 1.79 | 21.71 | 142.88 | 857.32 | (105.26) | 752.06 |
| 13. R&R Flashing - pipe jack - lead | 8.00 EA | 60.12 | 24.82 | 101.16 | 606.94 | (120.32) | 486.62 |
| 14. Digital satellite system - alignment and calibration only | 1.00 EA | 66.95 | 0.00 | 13.40 | 80.35 | (0.00) | 80.35 |
| 15. R&R Flashing, 20" wide | 50.00 LF | 3.26 | 5.98 | 33.80 | 202.78 | (29.00) | 173.78 |
| 16. Meter base and main disconnect - Detach & reset | 1.00 EA | 234.91 | 0.00 | 46.98 | 281.89 | (0.00) | 281.89 |
| 17. Roofing felt - 15 lb. | 43.90 SQ | 19.26 | 18.40 | 172.78 | 1,036.69 | (223.01) | 813.68 |
| **Totals: Roof** | | | **246.33** | **5,841.38** | **35,048.01** | **1,125.21** | **33,922.80** |

### Exterior

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 18. R&R Window screen, 1 - 9 SF | 3.00 EA | 37.20 | 7.76 | 23.88 | 143.24 | (37.62) | 105.62 |
| **Totals: Exterior** | | | **7.76** | **23.88** | **143.24** | **37.62** | **105.62** |

### Office

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|



**Accurate AS**

**CONTINUED - Office**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 19.  Content Manipulation charge - per hour | 1.00 HR | 26.15 | 0.00 | 5.24 | 31.39 | (0.00) | 31.39 |
| 20.  R&R Blown-in insulation - 12" depth - R30 | 16.00 SF | 1.49 | 0.77 | 4.92 | 29.53 | (3.71) | 25.82 |
| 21.  R&R 1/2" drywall - hung, taped, heavy texture, ready for paint | 64.00 SF | 2.55 | 3.06 | 33.26 | 199.52 | (14.85) | 184.67 |
| 22.  R&R Batt insulation - 4" - R15 - paper faced | 16.00 SF | 1.00 | 0.83 | 3.36 | 20.19 | (4.03) | 16.16 |
| 23.  Mask and prep for paint - plastic, paper, tape (per LF) | 55.00 LF | 1.08 | 1.18 | 12.12 | 72.70 | (5.72) | 66.98 |
| 24.  Floor protection - self-adhesive plastic film | 188.00 SF | 0.55 | 1.86 | 21.06 | 126.32 | (9.02) | 117.30 |
| 25.  Seal/prime then paint the surface area (2 coats) | 634.00 SF | 0.72 | 8.37 | 92.98 | 557.83 | (40.58) | 517.25 |
| 26.  Baseboard - Detach & reset | 25.00 LF | 1.71 | 0.04 | 8.56 | 51.35 | (0.20) | 51.15 |
| 27.  Paint baseboard, oversized - one coat | 0.00 LF | 0.78 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| 28.  Clean floor - tile | 188.00 SF | 0.44 | 9.05 | 16.70 | 108.47 | (3.76) | 104.71 |
| 29.  Seal the surface area w/anti-microbial coating - one coat | 72.00 SF | 1.22 | 4.75 | 18.52 | 111.11 | (23.04) | 88.07 |
| 30.  Final cleaning - construction - Residential | 188.00 SF | 0.18 | 3.35 | 6.76 | 43.95 | (0.00) | 43.95 |
| 31.  Heat/AC register - Mechanically attached - Detach & reset | 2.00 EA | 11.01 | 0.00 | 4.40 | 26.42 | (0.00) | 26.42 |
| 32.  Ceiling fan - Detach & reset | 1.00 EA | 140.28 | 0.00 | 28.06 | 168.34 | (0.00) | 168.34 |
| **Totals:  Office** | | | **33.26** | **255.94** | **1,547.12** | **104.91** | **1,442.21** |

### General Conditions

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 33.  Temporary toilet (per month) | 1.00 MO | 149.66 | 0.00 | 29.94 | 179.60 | (0.00) | 179.60 |
| 34.  Residential Supervision / Project Management - per hour | 18.00 HR | 54.50 | 0.00 | 196.20 | 1,177.20 | (0.00) | 1,177.20 |
| 35.  Taxes, insurance, permits & fees (Bid Item) | 1.00 EA | 0.00 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| **Totals:  General Conditions** | | | **0.00** | **226.14** | **1,356.80** | **0.00** | **1,356.80** |

### Gazebo

 **Accurate AS**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 36. R&R Ridge / Hip / Rake cap - tile roofing | 54.00 LF | 11.78 | 30.92 | 133.40 | 800.44 | (149.90) | 650.54 |
| 37. Remove Tile roofing - Concrete - "S" or flat tile | 2.30 SQ | 127.58 | 0.00 | 58.68 | 352.11 | (0.00) | 352.11 |
| 38. Tile roofing - Concrete - "S" or flat tile | 2.30 SQ | 415.08 | 36.48 | 198.24 | 1,189.40 | (176.86) | 1,012.54 |
| 39. Bird stop - Eave closure strip for tile roofing - clay | 48.00 LF | 3.65 | 9.23 | 36.88 | 221.31 | (44.74) | 176.57 |
| 40. R&R Drip edge | 28.00 LF | 1.79 | 1.57 | 10.36 | 62.05 | (7.62) | 54.43 |
| 41. R&R Valley metal | 8.00 LF | 4.16 | 1.18 | 6.90 | 41.36 | (5.73) | 35.63 |
| 42. Roofer - per hour | 4.00 HR | 76.44 | 0.00 | 61.16 | 366.92 | (0.00) | 366.92 |
| Extra time to remove tiles | | | | | | | |
| **Totals: Gazebo** | | | **79.38** | **505.62** | **3,033.59** | **384.85** | **2,648.74** |
| **Line Item Totals:  CANTU-** | | | **366.73** | **6,852.96** | **41,128.76** | **1,652.59** | **39,476.17** |

 **Accurate AS**

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 33,909.07 |
| Material Sales Tax | 352.47 |
| Cleaning Mtl Tax | 2.64 |
| Subtotal | 34,264.18 |
| Overhead | 3,426.48 |
| Profit | 3,426.48 |
| Cleaning Sales Tax | 11.62 |
| **Replacement Cost Value** | **$41,128.76** |
| Less Depreciation | (1,652.59) |
| **Actual Cash Value** | **$39,476.17** |
| **Net Claim** | **$39,476.17** |
| Total Recoverable Depreciation | 1,652.59 |
| **Net Claim if Depreciation is Recovered** | **$41,128.76** |

# Exhibit H



July 31, 2019

SAMUEL CANTU JR
C/O ZAR LAW FIRM
7322 SOUTHWEST FWY, STE 1965
HOUSTON, TX 77074

**State Farm Insurance Company**
Fire Claims
PO Box 106169
Atlanta, GA 30348-6169
Fax 844-236-3646

**CERTIFIED MAIL: RETURN RECEIPT REQUESTED**
RE:  Insured:            Samuel Cantu Jr
     Claim Number:       53-0212-R62
     Policy Number:      83-CR-C863-4
     Date of Loss:       May 21, 2017
     Insured Location:   2920 Palo Blanco St
                         Laredo, TX 78046-7205
     Policy Type:        Homeowners, FP-7955 TX

Dear Samuel Cantu Jr:

On July 10, 2019, we received the signed, itemized award for the above-referenced claim.  The award set the amount of loss at $41,128.76.

After careful review of the award and the estimate written by the appraisal umpire, which served as the basis for the award, the award exceeds the scope of covered damage and includes damaged items not related to this date of loss.  In one example, our investigation of the damage to the roof revealed four damaged tiles. Similarly, Bryan Scanlan's inspection of the roof was identified three damaged tiles. Therefore, detaching and resetting 4,390 square feet of concrete tile on a 4,590 square foot roof with only 3 to 4 damage tiles, goes beyond the scope of covered damage. Additionally, the umpire's estimate includes repairs to the ridge, field tiles and several soft metals of the gazebo roof. However, neither of the appraisers' estimates nor even the estimate submitted by MLR Inspections & Estimating prior to the appraisal, included any damage to the gazebo roof. The damage to the gazebo roof was identified during the appraisal inspection by Bryan Scanlan to not be consistent with wind or hail and did not occur as a result of the storm on May 21, 2017. The estimate written by State Farm's appraiser closely follows the scope of covered damage and will be used to set the value of the loss.

Your copy of the award is enclosed.  For your convenience, here is a breakdown of the claim's summary.

|  |  |  |
|---|---|---|
| *Appraisal Award Replacement Cost:* | $ | *2,000.64* |
| *Less Non-Recoverable Depreciation:* | $ | 92.48 |
| *Less Deductible:* | $ | 2,942.00 |
| *Actual Cash Value Remaining:* | $ | *-1,033.84* |

Samuel Cantu Jr
53-0212-R62
Page 2


Based on the results of the award, the replacement cost value of your claim does not exceed your $2,942.00 policy deductible.  Therefore, no payment can be made at this time.

Please be advised State Farm is not waiving any of the policy coverages, limitations, exclusions, or provisions, all of which are specifically reserved.

We appreciate the opportunity to participate in the appraisal process.  If you have any questions regarding the appraisal award or the content of this letter, please contact me at the number listed below.

Sincerely,



Daniel Mitchell
Claim Specialist
844-458-4300 ext 972-657-3070
State Farm Lloyds
statefarmfireclaims@statefarm.com

Enclosures:    Draft
               Appraisal Award
               Appraisal Estimate

# Exhibit I

# ZAR LAW FIRM
## PROFESSIONAL LIMITED LIABILITY COMPANY

August 1, 2019

State Farm Lloyds and
Christopher Daniel Mitchell
*Via Email: statefarmfireclaims@statefarm.com*

Re: **NOTICE PURSUANT TO 542A.003**

**Insured:**            Samuel Cantu and Gabrielle Mata
**Claim Number:**       53-0212-R62
**Location of Loss:**   2920 Palo Blanco St., Laredo, Texas

Dear Claims Department,

As you are aware, Zar Law Firm represents Samuel Cantu and Gabrielle Mata in connection with claim no. 53-0212-R62. This letter is intended to provide you with notice of Samuel Cantu and Gabrielle Mata's legal claims against State Farm Lloyds and Christopher Daniel Mitchell pursuant to 542A.003 of the Texas Insurance Code.

On June 19, 2019, the appraisal panel consisting of Michael Ogden as the insureds' appraiser, Bryan Scanlan as State Farm Lloyds' appraiser, and Paul Poncio as the umpire issued an appraisal award for claim no. 53-0212-R62. In arriving at the award, the panel inspected the property and investigated and considered all material facts and available information pertaining to the appraisal. Subsequently, Mr. Ogden and Mr. Poncio signed an award for a replacement cost value of $41,128.76.

Thereafter, Mr. Mitchell, the Claim Specialist assigned to claim no. 53-0212-R62, denied payment of the appraisal award in a letter dated July 31, 2019 without offering any legitimate basis as to why the award is not valid and binding. Instead, Mr. Mitchell offered the same excuses State Farm Lloyds originally offered when underpaying the claim on June 5, 2017. Despite the binding decision of the panel to detach and reset 4,390 square feet of concrete tile roof to address the ongoing leaks, Mr. Mitchell cited to and relied upon the alleged findings of Mr. Scanlan as a basis to refuse to pay the appraisal award. More specifically, Mr. Mitchell asserted that the damage included in the appraisal award goes beyond the scope of covered damage and was not consistent with wind or hail. *See* **Ex. A – Appraisal Award, Umpire's Estimate, and Denial Letter**

Importantly, the Supreme Court of Texas has held as follows:

> Indeed, appraisers must always consider causation, at least as an initial matter. An appraisal is for damages caused by a specific occurrence, not every repair a home might need. When asked to assess hail damage, appraisers look only at damage caused by hail; they do not consider leaky faucets or remodeling the kitchen. When asked to assess damage from a fender-bender, they include dents caused by the collision but not by something else. Any appraisal necessarily includes some causation element, because setting the "amount of loss" requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else.

*State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 893 (Tex. 2009). Similarly, the United States Court of Appeals for the Fifth Circuit held, "appraisal panels are within their rights when they consider whether damage was caused by a particular event or was instead the result of non-covered pre-existing perils like wear and tear." *TMM Investments, Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 474 (5th Cir. 2013). Additionally, the appraisal provision of policy no. 83-CR-C863-4 makes clear that a written report of agreement signed by any two of the appraisers and umpire will set the amount of loss and be binding.

Accordingly, Farm Lloyds and Mr. Mitchell have wrongfully refused to pay the award and are now liable to Samuel Cantu and Gabrielle Mata for breach of policy no. 83-CR-C863-4 and one or more of the following violations of the Texas Insurance Code:

a. Misrepresenting and/or failing to discuss with Samuel Cantu and Gabrielle Mata pertinent facts or policy provisions relating to coverage at issue, in violation of TEX. INS. CODE§ 541.060(a)(l);

b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which your liability has become reasonably clear, in violation of TEX. INS. CODE § 541.060(a)(2);

c. Failing to promptly provide to Samuel Cantu and Gabrielle Mata a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for your denial of the claim or offer of a compromise settlement of a claim in violation of TEX. INS. CODE§ 541.060(a)(3);

d. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim in violation of TEX. INS. CODE§ 541.060(a)(7);

e. Misrepresenting the insurance policy by:

2

i. making untrue statements of fact in violation of TEX. INS. CODE § 541.061(1);

ii. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made in violation of TEX. INS. CODE § 541.061(2);

iii. making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact in violation of TEX. INS. CODE§ 541.061(3); and

iv. making a material misstatement of law in violation of TEX. INS. CODE§ 541.061(4).

The specific amount still owed to Samuel Cantu and Gabrielle Mata on the claim, solely based on the actual damage to the property, is as follows:

| | |
|---|---|
| Total Appraisal Award | $41,128.76 (*See* Ex. A – Appraisal Award and Umpire's Estimate) |
| Deductible | ($2,942.00) |
| Interest accrued | $8,000.00 |
| Prior payment | $0.00 |
| Amount owed | $46,186.76 |

The amount of reasonable and necessary attorney's fees incurred by Samuel Cantu and Gabrielle Mata as of the date of this notice is $5,000.00. This amount was calculated by multiplying the total hours Mr. Zarghouni has worked on this matter—thus far six (6)—by his hourly rate of $500/hour.[1] A copy of this letter was provided by Zar Law Firm to its clients.

---

[1] This amount does not represent the "reasonable and necessary" fees that are owed in this case, because as explained below, our client signed a contingency fee agreement. Nevertheless, as required by Texas law, the amount set forth herein is based on our firm multiplying the number of hours actually worked, as of the date this notice is given, and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services. Please note that the reasonable and necessary attorney's fees recoverable by Texas law will increase as attorneys spend time on this file, including time spent over the next 60 days. We understand that under the new Texas laws you may ultimately show this notice letter to a judge and jury. Unfortunately, the new insurance-friendly Texas laws do not also permit us to show a jury your company's lowball settlement offers, or other related settlement discussions, including our efforts to try and settle the case with your company. A jury should know that our client would accept a reasonable settlement offer today. In fact, our client would prefer a reasonable settlement offer over litigation. If, however, a jury ever comes to see this notice letter, it will only be because your company chose to continue its course in unreasonably delaying, denying, or underpaying the claim, and our client had no option other than to litigate the case before a jury of peers. Because our firm is not paid by the hour, it is never in our interest, nor our client's interest, to unnecessarily drag out litigation.

**Inspection of Premises:**

Not later than the 30th day after receiving this notice, you have the right to request a subsequent inspection. If you wish to do so, you must make your request in writing, to our firm, so that we may coordinate your inspection with the property owner. You shall he permitted to inspect, photograph, and evaluate, in a reasonable manner, and at a reasonable time, the premises made the basis of this claim. If reasonably possible, the inspection, photography, and evaluation, must be completed not later than the 60th day after receiving this notice. Destructive testing shall not be permitted without first obtaining our written consent, and on all future matters related to this claim, you are instructed to communicate with us directly, and cease direct communications with our client.

**Documents Request:**

At you earliest convenience please provide us with the following documents:

1) a copy of our client's insurance policy that was active during the date of loss referenced above.

If anything in this notice is unclear, or you wish to attempt to resolve this dispute without the need for a lawsuit, please contact me at your earliest convenience.

Sincerely,

Matthew Zarghouni – Attorney

4

# EXHIBIT A



July 31, 2019

SAMUEL CANTU JR
C/O ZAR LAW FIRM
7322 SOUTHWEST FWY, STE 1965
HOUSTON, TX 77074

**State Farm Insurance Company**
Fire Claims
PO Box 106169
Atlanta, GA 30348-6169
Fax 844-236-3646

**CERTIFIED MAIL: RETURN RECEIPT REQUESTED**
RE:    Insured:                Samuel Cantu Jr
        Claim Number:        53-0212-R62
        Policy Number:       83-CR-C863-4
        Date of Loss:          May 21, 2017
        Insured Location:    2920 Palo Blanco St
                                Laredo, TX 78046-7205
        Policy Type:          Homeowners, FP-7955 TX

Dear Samuel Cantu Jr:

On July 10, 2019, we received the signed, itemized award for the above-referenced claim. The award set the amount of loss at $41,128.76.

After careful review of the award and the estimate written by the appraisal umpire, which served as the basis for the award, the award exceeds the scope of covered damage and includes damaged items not related to this date of loss. In one example, our investigation of the damage to the roof revealed four damaged tiles. Similarly, Bryan Scanlan's inspection of the roof was identified three damaged tiles. Therefore, detaching and resetting 4,390 square feet of concrete tile on a 4,590 square foot roof with only 3 to 4 damage tiles, goes beyond the scope of covered damage. Additionally, the umpire's estimate includes repairs to the ridge, field tiles and several soft metals of the gazebo roof. However, neither of the appraisers' estimates nor even the estimate submitted by MLR Inspections & Estimating prior to the appraisal, included any damage to the gazebo roof. The damage to the gazebo roof was identified during the appraisal inspection by Bryan Scanlan to not be consistent with wind or hail and did not occur as a result of the storm on May 21, 2017. The estimate written by State Farm's appraiser closely follows the scope of covered damage and will be used to set the value of the loss.

Your copy of the award is enclosed. For your convenience, here is a breakdown of the claim's summary.

| | | |
|---|---|---|
| *Appraisal Award Replacement Cost:* | $ | 2,000.64 |
| *Less Non-Recoverable Depreciation:* | $ | 92.48 |
| *Less Deductible:* | $ | 2,942.00 |
| *Actual Cash Value Remaining:* | $ | -1,033.84 |

Samuel Cantu Jr
53-0212-R62
Page 2


Based on the results of the award, the replacement cost value of your claim does not exceed your $2,942.00 policy deductible.  Therefore, no payment can be made at this time.

Please be advised State Farm is not waiving any of the policy coverages, limitations, exclusions, or provisions, all of which are specifically reserved.

We appreciate the opportunity to participate in the appraisal process.  If you have any questions regarding the appraisal award or the content of this letter, please contact me at the number listed below.

Sincerely,



Daniel Mitchell
Claim Specialist
844-458-4300 ext 972-657-3070
State Farm Lloyds
statefarmfireclaims@statefarm.com

Enclosures:    Draft
               Appraisal Award
               Appraisal Estimate

### Appraisal of Insurance Claim – Award Form

| | |
|---|---|
| **Insured:** | **Cantu, Samuel and Mata, Gabrielle** |
| **Insurer:** | **State Farm Insurance Co.** |
| **Policy No:** | **83-CR-C863-4** |
| **Claim No:** | **53-0212-R62** |
| **Location:** | **2920 Palo Blanco St, Laredo TX** |

## TO THE ABOVE-NAMED PARTIES AT INTEREST:

We, the undersigned appraisal panel, have investigated and considered all material facts and available information pertaining to this appraisal. We have determined an Appraisal Award as described below.

| Description: | Replacement Cost Value | Actual Cash Value |
|---|---|---|
| Dwelling & APS | $ 41,128.76 | $ 39,476.17 |
| Contents | $ 0 | $ 0 |
| ALE | $ 0 | $ 0 |
| Total Award | $ 41,128.76 | $ 39,476.17 |

The deliberations of the Appraisal Panel are confidential and exempt from depositions or suit in case the Award is challenged or a bad faith suit is filed.

This Appraisal Award is subject to all terms, conditions, provisions and/or exclusions of the above policy of Insurance.

We do hereby award the foregoing amounts as our appraisal award. The amounts are subject to deduction for any previous payments and/or deductibles.

All executed copies shall be counterpart originals.

## WE AGREE TO THE ABOVE:

**Date:** _____ **Signature:** _____
Appraiser for carrier – Bryan Scanlan

**Date:** 6/19/2019 **Signature:** _____
Appraiser for insured – Mike Ogden

**Date:** 6/19/19 **Signature:** Paul Poncio
Umpire: Paul Poncio

 **Accurate AS**

|  |  |
|---|---|
| Insured: | Samuel & Gabrielle Cantu |
| Property: | 2920 Palo Blanco St |
|  | Laredo, TX 78046 |

**Claim Number:**          **Policy Number:**          **Type of Loss:** <NONE>

| Date of Loss: |  | Date Received: |  |
|---|---|---|---|
| Date Inspected: |  | Date Entered: | 6/14/2019 8:01 AM |

| Price List: | TXMC8X_JUN19 |
|---|---|
|  | Restoration/Service/Remodel |
| Estimate: | CANTU |

 **Accurate AS**

CANTU

## Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1. Dumpster load - Approx. 12 yards, 1-3 tons of debris | 1.00 EA | 382.43 | 0.00 | 76.48 | 458.91 | (0.00) | 458.91 |
| 2. Remove Tile roofing - Concrete - "S" or flat tile | 2.00 SQ | 127.58 | 0.00 | 51.04 | 306.20 | (0.00) | 306.20 |
| 3. Tile roofing - Concrete - "S" or flat tile | 2.00 SQ | 415.08 | 31.72 | 172.38 | 1,034.26 | (153.79) | 880.47 |
| 4. Detach & Reset Tile roofing - Concrete - "S" or flat tile | 43.90 SQ | 454.68 | 36.18 | 3,999.34 | 23,995.97 | (0.00) | 23,995.97 |
| 5. R&R Rafters - 2x6 - stick frame roof (using rafter length) | 0.00 LF | 3.54 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| 6. R&R Sheathing - OSB - 1/2" | 288.00 SF | 1.65 | 9.27 | 96.90 | 581.37 | (44.93) | 536.44 |
| 7. Sheathing - additional cost for H-clips | 288.00 SF | 0.07 | 0.48 | 4.14 | 24.78 | (2.30) | 22.48 |
| 8. Detach & Reset Ridge / Hip / Rake cap - tile roofing | 457.00 LF | 5.73 | 5.66 | 524.86 | 3,149.13 | (0.00) | 3,149.13 |
| 9. Bird stop - Eave closure strip for tile roofing - clay | 387.00 LF | 3.65 | 74.39 | 297.40 | 1,784.34 | (360.68) | 1,423.66 |
| 10. R&R Valley metal | 120.00 LF | 4.16 | 17.72 | 103.38 | 620.30 | (85.92) | 534.38 |
| 11. Digital satellite system - Detach & reset | 1.00 EA | 22.32 | 0.00 | 4.46 | 26.78 | (0.00) | 26.78 |
| 12. R&R Drip edge | 387.00 LF | 1.79 | 21.71 | 142.88 | 857.32 | (105.26) | 752.06 |
| 13. R&R Flashing - pipe jack - lead | 8.00 EA | 60.12 | 24.82 | 101.16 | 606.94 | (120.32) | 486.62 |
| 14. Digital satellite system - alignment and calibration only | 1.00 EA | 66.95 | 0.00 | 13.40 | 80.35 | (0.00) | 80.35 |
| 15. R&R Flashing, 20" wide | 50.00 LF | 3.26 | 5.98 | 33.80 | 202.78 | (29.00) | 173.78 |
| 16. Meter base and main disconnect - Detach & reset | 1.00 EA | 234.91 | 0.00 | 46.98 | 281.89 | (0.00) | 281.89 |
| 17. Roofing felt - 15 lb. | 43.90 SQ | 19.26 | 18.40 | 172.78 | 1,036.69 | (223.01) | 813.68 |
| **Totals: Roof** | | | **246.33** | **5,841.38** | **35,048.01** | **1,125.21** | **33,922.80** |

## Exterior

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 18. R&R Window screen, 1 - 9 SF | 3.00 EA | 37.20 | 7.76 | 23.88 | 143.24 | (37.62) | 105.62 |
| **Totals: Exterior** | | | **7.76** | **23.88** | **143.24** | **37.62** | **105.62** |

## Office

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|

CANTU

6/18/2019          Page: 2

 **Accurate AS**

### CONTINUED - Office

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 19.  Content Manipulation charge - per hour | 1.00 HR | 26.15 | 0.00 | 5.24 | 31.39 | (0.00) | 31.39 |
| 20.  R&R Blown-in insulation - 12" depth - R30 | 16.00 SF | 1.49 | 0.77 | 4.92 | 29.53 | (3.71) | 25.82 |
| 21.  R&R 1/2" drywall - hung, taped, heavy texture, ready for paint | 64.00 SF | 2.55 | 3.06 | 33.26 | 199.52 | (14.85) | 184.67 |
| 22.  R&R Batt insulation - 4" - R15 - paper faced | 16.00 SF | 1.00 | 0.83 | 3.36 | 20.19 | (4.03) | 16.16 |
| 23.  Mask and prep for paint - plastic, paper, tape (per LF) | 55.00 LF | 1.08 | 1.18 | 12.12 | 72.70 | (5.72) | 66.98 |
| 24.  Floor protection - self-adhesive plastic film | 188.00 SF | 0.55 | 1.86 | 21.06 | 126.32 | (9.02) | 117.30 |
| 25.  Seal/prime then paint the surface area (2 coats) | 634.00 SF | 0.72 | 8.37 | 92.98 | 557.83 | (40.58) | 517.25 |
| 26.  Baseboard - Detach & reset | 25.00 LF | 1.71 | 0.04 | 8.56 | 51.35 | (0.20) | 51.15 |
| 27.  Paint baseboard, oversized - one coat | 0.00 LF | 0.78 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| 28.  Clean floor - tile | 188.00 SF | 0.44 | 9.05 | 16.70 | 108.47 | (3.76) | 104.71 |
| 29.  Seal the surface area w/anti-microbial coating - one coat | 72.00 SF | 1.22 | 4.75 | 18.52 | 111.11 | (23.04) | 88.07 |
| 30.  Final cleaning - construction - Residential | 188.00 SF | 0.18 | 3.35 | 6.76 | 43.95 | (0.00) | 43.95 |
| 31.  Heat/AC register - Mechanically attached - Detach & reset | 2.00 EA | 11.01 | 0.00 | 4.40 | 26.42 | (0.00) | 26.42 |
| 32.  Ceiling fan - Detach & reset | 1.00 EA | 140.28 | 0.00 | 28.06 | 168.34 | (0.00) | 168.34 |
| **Totals:  Office** | | | **33.26** | **255.94** | **1,547.12** | **104.91** | **1,442.21** |

### General Conditions

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 33.  Temporary toilet (per month) | 1.00 MO | 149.66 | 0.00 | 29.94 | 179.60 | (0.00) | 179.60 |
| 34.  Residential Supervision / Project Management - per hour | 18.00 HR | 54.50 | 0.00 | 196.20 | 1,177.20 | (0.00) | 1,177.20 |
| 35.  Taxes, insurance, permits & fees (Bid Item) | 1.00 EA | 0.00 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| **Totals:  General Conditions** | | | **0.00** | **226.14** | **1,356.80** | **0.00** | **1,356.80** |

### Gazebo

**Accurate AS**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 36. R&R Ridge / Hip / Rake cap - tile roofing | 54.00 LF | 11.78 | 30.92 | 133.40 | 800.44 | (149.90) | 650.54 |
| 37. Remove Tile roofing - Concrete - "S" or flat tile | 2.30 SQ | 127.58 | 0.00 | 58.68 | 352.11 | (0.00) | 352.11 |
| 38. Tile roofing - Concrete - "S" or flat tile | 2.30 SQ | 415.08 | 36.48 | 198.24 | 1,189.40 | (176.86) | 1,012.54 |
| 39. Bird stop - Eave closure strip for tile roofing - clay | 48.00 LF | 3.65 | 9.23 | 36.88 | 221.31 | (44.74) | 176.57 |
| 40. R&R Drip edge | 28.00 LF | 1.79 | 1.57 | 10.36 | 62.05 | (7.62) | 54.43 |
| 41. R&R Valley metal | 8.00 LF | 4.16 | 1.18 | 6.90 | 41.36 | (5.73) | 35.63 |
| 42. Roofer - per hour | 4.00 HR | 76.44 | 0.00 | 61.16 | 366.92 | (0.00) | 366.92 |
| Extra time to remove tiles | | | | | | | |
| **Totals: Gazebo** | | | 79.38 | 505.62 | 3,033.59 | 384.85 | 2,648.74 |
| **Line Item Totals: CANTU-** | | | 366.73 | 6,852.96 | 41,128.76 | 1,652.59 | 39,476.17 |

 **Accurate AS**

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 33,909.07 |
| Material Sales Tax | 352.47 |
| Cleaning Mtl Tax | 2.64 |
| Subtotal | 34,264.18 |
| Overhead | 3,426.48 |
| Profit | 3,426.48 |
| Cleaning Sales Tax | 11.62 |
| **Replacement Cost Value** | **$41,128.76** |
| Less Depreciation | (1,652.59) |
| **Actual Cash Value** | **$39,476.17** |
| **Net Claim** | **$39,476.17** |
| Total Recoverable Depreciation | 1,652.59 |
| **Net Claim if Depreciation is Recovered** | **$41,128.76** |

# EXHIBIT 1-B

RETURN

2019CVI001960D2

## CITATION
### PLAINTIFF'S ORIGINAL PETITION, AND JURY DEMAND

**THE STATE OF TEXAS**
**COUNTY OF WEBB**          **COURT DATE: 12/09/2019 AT 11:00 A.M.**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN
ATTORNEY.   IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER
WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE
MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU
WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY
BE TAKEN AGAINST YOU."

TO:  STATE FARM LLOYDS
     BY SERVING: CORPORATION SERVICE COMPANY
     211 E 7TH ST STE 620
     AUSTIN TX  78701

DELIVERED
11 04 19
BY: _____ PSC: 13350
ATX Process, LLC

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE
HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court** of Webb
County, Texas, to be held at the said courthouse of said county in the
city of Laredo, Webb County, Texas, by filing a written answer to the
Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday
next after the expiration of 20 days after the date of service
thereof, a copy of which accompanies this citation, in the Cause #:
2019CVI001960D2, styled:
          **SAMUEL CANTU; GABRIELLE MATA, PLAINTIFFS**
                       **VS.**
               **STATE FARM LLOYDS, DEFENDANT**
Said Plaintiff's Petition was filed on 10/01/2019 in said court
by:

     MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF
     3900 ESSEX LN STE 1011
     HOUSTON TX  77027

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS,
Issued and given under my hand and seal of said court at office,
on this the 2nd day of October, 2019.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
        Arlene Gonzalez

**2019CVI001960D2**

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 2019 at
_____        O'CLOCK        _____.M.        Executed        at
_____, within the COUNTY of _____
at _____ O'CLOCK ____.M. on the _____ day of
_____, 2019, by delivering to the within named **STATE
FARM LLOYDS**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having
first attached such copy of such petition to such copy of
citation and endorsed on such copy of citation the date of
delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

                              _____
                              SHERIFF, CONSTABLE

                              _____ COUNTY, TEXAS

                    BY _____
                                        DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

                              _____
                              NOTARY PUBLIC
                              MY COMMISSION EXPIRES

                              _____

# EXHIBIT 1-C

Filed
11/22/2019 5:08 PM
Esther Degollado
District Clerk
Webb District
Lucina Perez
2019CVI001960D2

**CAUSE NO. 2019CVI001960D2**

| | | |
|---|---|---|
| SAMUEL CANTU AND | § | IN THE DISTRICT COURT |
| GABRIELLE MATA, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 111TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS, | § | |
|     Defendant. | § | WEBB COUNTY, TEXAS |

---

**DEFENDANT STATE FARM LLOYDS'
VERIFIED ANSWER TO PLAINTIFFS' ORIGINAL PETITION
AND VERIFIED PLEA IN ABATEMENT**

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **STATE FARM LLOYDS**, Defendant in the above styled and numbered cause, and files this Original Answer to Plaintiffs' Original Petition, and in support thereof would respectfully show this Honorable Court the following:

## I. GENERAL DENIAL

1.    Reserving the right to file other further pleadings, exceptions and/or denials, State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendment thereto, by a preponderance of the evidence.

## II. VERIFIED DENIAL AND DEFENSES

2.    Plaintiffs' breach of contract claim is barred, in whole or in part, by State Farm's timely issued payment of that portion of the appraisal award that could have been covered under the policy at issue. Specifically, Plaintiffs are estopped from contesting whether State Farm complied with the insurance

contract and estopped from contesting actual damages under the insurance contract with respect to that portion of the award because State Farm timely issued payment for that portion of the appraisal award.

3.      Because the amount of loss has been determined by appraisal and State Farm has timely paid that portion of the award that could have been covered under the policy at issue, Plaintiffs have not sustained any damages that could allow them to maintain any extra-contractual cause of action. Specifically, Plaintiffs are not entitled to receive any additional policy benefits, Plaintiffs have not lost a contractual right to any additional policy benefits, and Plaintiffs have not alleged any facts that would give rise to an independent injury claim.

4.      Further, Plaintiffs' claims under Chapter 542 of the Texas Insurance Code are barred as a matter of law by State Farm's timely issued payment of the appraisal award. There is no Chapter 542 violation when an insured submits to the delay inherent in the contractual appraisal process and pays the award determined by that process.

5.      Plaintiffs have not satisfied the conditions precedent under the Policy for the recovery of replacement cost benefits. State Farm paid Plaintiffs' Coverage A claim as dictated under the Policy's loss settlement provision. The Policy, through the FE-3533.1 Homeowners Policy Endorsement, provides in relevant part:

<b>SECTION I – LOSS SETTLEMENT</b>

**COVERAGE A – DWELLING**

**A1 – Replacement Cost Loss Settlement – Similar Construction** is replaced with the following:

> a.   We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(1) we will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction. We will not pay the cost to repair or replace obsolete, antique or custom construction with like kind and quality;

(2) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations,** not to exceed the cost to repair or replace the damaged part of the property as described in a.(1) above;

(3) when the repair or replacement is actually completed as described in a.(1) above, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(4) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(5) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

b. Wood Fences. We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A - DWELLING EXTENSION.

Plaintiffs have yet to provide documentation of full repairs to their property or otherwise complied with the conditions precedent under the Policy related to the issuance of replacement cost benefits. Thus, Plaintiffs' claims fail due to Plaintiffs' failure to meet a condition precedent to recovery of replacement cost benefits.

6.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to comply with the following Policy conditions:

### SECTION I – CONDITIONS

2.      Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed:

          b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

7.      State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

8.      Defendant denies that proper pre-suit notice has been given as required by the Texas Insurance Code. Specifically, Plaintiffs have failed to provide notice as required by TEX. INS. CODE §541.154 and §542A.003. Plaintiffs attempt to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiffs have failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiffs' pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit. *See* TEX. INS. CODE §541.154(a) and §542A.003. Plaintiffs' purported notice fails to satisfy the statutory requirements. Specifically, but without limitation, Plaintiffs sent State Farm a letter dated August 1, 2019 that failed to comply because (1) Plaintiffs failed to provide State Farm sufficient notice of the specific facts that give rise to Plaintiffs' complaint instead reciting general violations as set out by the Texas Insurance Code, (2) Plaintiffs failed to provide the amount of *reasonable and necessary* attorney's fees incurred by the claimant calculated by using "an hourly rate that is customary for similar legal services"; and (3) Plaintiffs failed to properly state the specific amount alleged to be owed. Therefore, State Farm Lloyds pleads the limitations on Plaintiffs' possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiffs not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiffs be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section

542A.007(c) not apply. State Farm Lloyds further pleads all other limitations on Plaintiffs' possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

9.      Because Plaintiffs are not entitled to any additional policy benefits following payment of the appraisal award, Plaintiffs' claim for attorneys' fees is precluded under TEX. INS. CODE Chapter 542A ("Ch. 542A"). Plaintiffs cannot recover attorney's fees or costs incurred in prosecuting this suit as "actual damages." As held in *Ortiz*, statutory attorney's fees and litigation costs are not damages under Texas law and cannot be recovered when no policy benefits are due.

10.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of the policy's $2,942.00 deductible. Defendant is further entitled to an offset or credit against Plaintiffs' damages for any payments previously made for the same damage at issue here that would be covered under the policy at issue.

### III.     <u>VERIFIED PLEA IN ABATEMENT</u>

### A.      INTRODUCTION AND BACKGROUND FACTS

11.     On October 1, 2019, Plaintiffs filed an Original Petition against Defendant State Farm Lloyds. Plaintiffs' Original Petition asserts causes of action against State Farm based upon the handling of Claim No. 53-0212-R62, a claim for damage to the Plaintiffs' property located at 2920 Palo Blanco St., Laredo, TX 78046, as a result a wind and hailstorm alleged to have occurred on May 21, 2017.

12.     Plaintiffs' Original Petition seeks damages based on an alleged breach of the insurance contract and alleged violations of the Texas Insurance Code §542.

13.     However, Plaintiffs filed their Original Petition without providing Defendant the statutory notice required by the Texas Insurance Code. Specifically, Plaintiffs sent State Farm a letter dated August 1, 2019 that failed to comply with Section 542A.003(b) because (1) Plaintiffs failed to provide State Farm sufficient notice of the specific facts that give rise to Plaintiffs' complaint instead reciting general violations as set out by the Texas Insurance Code, (2) Plaintiffs failed to provide the amount

of *reasonable and necessary* attorney's fees incurred by the claimant calculated by using "an hourly rate that is customary for similar legal services"; and (3) Plaintiffs failed to properly state the specific amount alleged to be owed. It is not evident what interest calculation is being used or why Defendant would be liable for the amount stated, and Plaintiffs state they have incurred $5,000.00 in attorney's fees, but also state that the attorney has worked six hours at a rate of $500 (which is not conceded to be reasonable), which would only be $3,000. *See* Plaintiffs' Original Petition at Exhibit I.

14.     Abatement of this action is mandatory under TEX. INS. CODE § 542A.005(b), because Plaintiffs failed to comply with Section 541 and 542A.003(b) of the Texas Insurance Code, and Defendant has timely filed this Verified Plea in Abatement less than 30 days after it filed their Original Answer.

**B.     ARGUMENT AND AUTHORITIES**

15.     Texas House Bill 1774, which added Chapter 542A to the Texas Insurance Code, became effective for actions filed on or after September 1, 2017. TEX. INS. CODE § 542A.001, *et seq.* Chapter 542A applies to a "first-party claim . . . made by an insured under an insurance policy providing coverage for real property or improvements to real property . . . [that] arises from damage or loss of covered policy caused, wholly or partly, by forces of nature, including . . . hail, wind, . . . or a rainstorm." TEX. INS. CODE § 542A.001(2)(A) & (C). Because Plaintiffs' action was filed after September 1, 2017 and asserts first party insurance claims arising from wind and/or hail[1] that allegedly damaged Plaintiffs' residential property, Chapter 542A applies.[2]

16.     In accordance with Texas Insurance Code Section 542A.003, any "person"[3] against whom or which an action is filed to recover damages is entitled to written notice of each claimant's specific

---

[1]     *See* Plaintiff's Original Petition.
[2]     Texas Insurance Code §542A.
[3]     As defined by Chapter 542A, "'person' means a corporation, association, partnership, or other legal entity or individual." TEX. INS. CODE § 542A.001(5).

complaints against them, the alleged amount of actual damages being sought, and a calculation of attorney's fees purportedly incurred by the claimant as reflected in contemporaneously-kept time records not later than the 61st day before the suit is filed. TEX. INS. CODE § 542A.003 specifically provides:

> **In addition to any other notice required by law or the applicable insurance policy**, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.

> The notice required under this section must provide:

> a statement of the acts or omissions giving rise to the claim;

> the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

> the amount of reasonable and necessary attorney's fees **incurred** by the claimant, calculated by multiplying the number of hours **actually worked** by the claimant's attorney, as of the date the notice is given and **as reflected in contemporaneously kept time records**, by an hourly rate that is customary for similar legal services. *Id.* (emphasis added).

> Additionally, if the claimants' attorney provides the notice, the attorney must also provide a copy of the notice to the claimant and state in the notice that notice was provided to the claimant. TEX. INS. CODE §542A.003(c).

17.   Giving proper notice under Chapter 542A of the Texas Insurance Code does not relieve a claimant of their "obligation to give notice under any other applicable law."  TEX. INS. CODE §542A.001(f). Thus, providing the notice required by §542A.003 does not relieve a Plaintiffs from providing the notice required by Section 541.154 of the Texas Insurance Code, which contains a similar notice requirement.

18. Giving timely and proper written notice prior to asserting legal claims under the Texas Insurance Code is no mere formality. The Texas courts of appeals have repeatedly recognized the purpose of statutory pre-suit notice requirements are to discourage litigation and encourage settlements of complaints by insureds against their insurer. *See, e.g., In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 7 (Tex. App. – Corpus Christi 2011, orig. proceeding).

19. Furthermore, the pre-suit notice requirement of the Texas Insurance Code is important because it provides the person who is entitled to proper notice, whether an insurance company or an insurance adjuster, an opportunity "to limit his [or its] damage exposure through an offer of settlement, as contemplated by sections 541.156-.159 of the Insurance Code." *In re Behr*, 2006 WL 468001 at *2-3 (Tex. App. – San Antonio 2006, orig. proceeding) (mem. op.); *see* TEX. INS. CODE §§ 541.156-541.159. Timely statutory notice also provides the recipient with a statutory window in which to demand an inspection of the property that is the subject of the claim. TEX. INS. CODE § 542A.004.[4] The statutory opportunity to demand a property inspection allows the insurer to investigate, and possibly resolve, the insured's dispute without the necessity of litigation. *Compare* TEX. INS. CODE § 542A.005(b) (court may abate action to allow property inspection) and § 542A.005(f) (court may not compel participation in an alternative dispute resolution proceeding until after the abatement period has expired).

20. Plaintiffs failed to provide the proper pre-suit notice. While Counsel for Plaintiffs sent State Farm a letter that purports to comply with Section 542A and Section 541 of the Texas Insurance Code, the letter failed to meet the requirements of the Texas Insurance Code in at least three material respects.

---

[4]    If an inspection of the property is requested under Texas Insurance Code Section 542A.004, but the party requesting the inspection is not provided a reasonable opportunity to inspect, photograph, or evaluate the property, abatement is also required. TEX. INS. CODE § **542A.004(b)(2).**

21.     First, Plaintiffs have failed to provide State Farm Lloyds with sufficient notice of the specific facts that give rise to Plaintiffs' complaint. Section 542A.003(b)(1) states the notice must provide "a statement of the acts or omissions giving rise to the claim." The Insurance Code requires Plaintiffs to set forth specific factual allegations to support their complaint; conclusory allegations and recitations of boilerplate complaints do not meet the requisite standard. *C.f. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1651, 2010 WL 2636119 at \*1-2. (S.D. Tex. 2010). However, Plaintiffs' "statement of the acts or omissions giving rise to the claim" consists almost entirely of boilerplate complaints. *See* Plaintiffs' Original Petition at Exhibit I. Plaintiffs describe generally how the claim progressed, including through appraisal, but Plaintiffs' notice simply recites that various statutory references and, as such, falls short of the notice required by the Insurance Code.

22.     Second, while Plaintiffs purport to state "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property" as required by Section 542A.003(b)(2), Plaintiffs state an amount due for interest that does not appear to correspond to any specific legal obligation or calculation. Without specification of the method and manner of determining the interest owed, Defendant cannot accurately assess whether that amount is actually owed.

23.     Additionally and third, Plaintiffs state the attorney has worked six hours at $500 per hour, for a total of $5,000, but six hours times $500 per hour is actually $3,000. What amount is actually being claimed as having been worked? Moreover, there is nothing to indicate that $500 is a reasonable hourly rate for this case in this venue.

24.     Because Plaintiffs failed to provide Defendant with the proper written notice under Sections 542A.003 of the Texas Insurance Code and Section 541.154 of the Texas Insurance Code before they filed suit, this lawsuit must be abated until the 60th day after the date a notice complying with Texas Insurance Code Section 542A.003 and Texas Insurance Code 541.151 is provided. *See* TEX. INS. CODE § 542A.005(e)(1); TEX. INS. CODE. § 541.155(d). Defendant State Farm moves this Court to abate this

lawsuit because of the lack of proper, compliant pre-suit notice, as required under the Texas Insurance Code.

25.     As Defendant filed this Verified Plea in Abatement not later than the 30th day after they filed their Original Answer, the abatement of this lawsuit is automatic beginning on the 11th day after Defendant's Verified Plea in Abatement is filed unless Plaintiffs controvert by affidavit Defendant's denial that the proper statutory notice was given before they filed suit. *See* TEX. INS. CODE §542A.005(c); TEX. INS. CODE. § 541.155(d).

## V.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** requests judgment of the Court that Plaintiffs take nothing by this suit, and, that Defendant be awarded costs and such other and further relief to which it may show it is justly entitled to receive.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
11940 Jollyville Rd., Suite 125-S
Austin, Texas 78759
Telephone: 512-643-6005
Facsimile: 512-597-9397

*/s/ Sarah A. Nicolas*
Sarah A. Nicolas
State Bar No. 24013543
snicolas@ramonworthington.com
Stephen W. Bosky
State Bar No. 24087190
sbosky@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
**Electronic Service to:**
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 22, 2019 a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Matthew M. Zarghouni
ZAR LAW FIRM
3900 Essex Lane, Suite 1011
Houston, Texas 77027
T: 346-980-6600
F: 281-888-3150
Email: Matt@zar-law.com
***Attorney for Plaintiffs***

*/s/ Sarah A. Nicolas*
Sarah A. Nicolas

STATE OF TEXAS                                          §
COUNTY OF _____Dallas_____                              §

## VERIFICATION

Before me, the undersigned authority, on this day personally appeared Joshua Cole, known to me to

be the person whose name is subscribed to the foregoing, instrument, and a person known by me to

be over the age of eighteen, and on his oath he testified that he has reviewed the facts set forth in

Defendant State Farm Lloyds' Verified Answer and Verified Plea in Abatement. The factual

statements therein regarding conditions precedent to recovery and factual statements therein regarding

the sufficiency of the notice provided by Plaintiffs to State Farm Lloyds are within his personal

knowledge, based on his review of relevant documents and notices, and are true and correct.

_____
Joshua Cole

Given under my hand and seal of office on this 22nd day of November, 2019.

CALVIN COOLIDGE FLUKER, III.
Notary Public, State of Texas
Comm. Expires 09-07-2020
Notary ID 130811157

_____
Notary Public in and for the State of Texas

# EXHIBIT 1-D

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2019CVI001960D2

| | | |
|---|---|---|
| **SAMUEL CANTU VS. STATE FARM LLOYDS** | §<br>§<br>§<br>§<br>§ | Case Type: **Contract - Other Contract (DC)**<br>Subtype: **Other Contract (DC)**<br>Date Filed: **10/01/2019**<br>Location: **--111th District Court** |

| PARTY INFORMATION | |
|---|---|
| | **Attorneys** |
| **Defendant**    **STATE FARM LLOYDS** | |
| **Plaintiff**    **CANTU, SAMUEL** | **MATTHEW ZARGHOUNI**<br>*Retained*<br>346-980-6600(W) |
| **Plaintiff**    **MATA, GABRIELLE** | **MATTHEW ZARGHOUNI**<br>*Retained*<br>346-980-6600(W) |

| EVENTS & ORDERS OF THE COURT | | |
|---|---|---|

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 10/01/2019 | **Civil Case Filed (OCA)** | | |
| 10/01/2019 | **Original Petition** | | |
| | *PLAINTIFF'S ORIGINAL PETITION, AND JURY DEMAND* | | |
| 10/01/2019 | **Jury Demand** | | |
| | *JURY DEMAND PAID BY ATTORNEY MATTHEW ZARGHOUNI* | | |
| 10/02/2019 | **Calendar Call** | | |
| | *CALENDAR CALL FAXED TO ATTORNEY MATTHEW ZARGHOUNI* | | |
| 10/02/2019 | **Citation-Issuance** | | |
| | *(2) CITATIONS ISSUED AS TO STATE FARM LLOYDS AND PLACED IN PRIVATE SERVER BOX ON 10/2/19* | | |
| 10/02/2019 | **Citation** | | |
| | STATE FARM LLOYDS | Served | 11/04/2019 |
| | | Returned | 11/07/2019 |
| 11/07/2019 | **Citation Return-Executed** | | |
| | *CITATION RETURNED EXECUTED AS TO STATE FARM LLOYDS DATE OF SERVICE: 11/04/19* | | |
| 11/22/2019 | **Answer-Miscellaneous** | | |
| | *DEFENDANT STATE FARM LLOYDS' VERIFIED ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND VERIFIED PLEA IN ABATEMENT.* | | |
| 12/09/2019 | **Calendar Call**  (11:00 AM) (Judicial Officer Notzon, Monica Z.) | | |